IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

A.C.O.R.N.,

      Plaintiff,

  vs.                                                       CIVIL NO. 97-287 LFG/RLP

CITY OF ALBUQUERQUE; Officer
RICHARD SAND; Officer CHRISTINE
CHESTER; GARY L. SCHROEDER;
MEADOWBROOK MOBILE HOME PARK;
SANDRA GINGLES; and CORONADO
MOBILE HOME COUNTRY CLUB,

      Defendants.

## MEMORANDUM AND ORDER
## DENYING MOTION FOR ATTORNEY FEES

THIS MATTER is before the Court on Private Defendants Motion for Attorney Fees [Doc. 89].[1] ACORN filed its response in opposition to the motion on March 23, 1998. Private Defendants did not file a reply. Oral argument is not necessary. This matter may be resolved based on the parties' written submissions.

In actions brought to enforce provisions of Sections 1981, 1982, 1983, 1985 and 1986 of Title 42, the Court may, in its discretion, allow a prevailing party, other than the United States, a reasonable attorney fee as part of costs. Clajon Production Corp. v. Petera, 70 F.3d 1566 (10th Cir. 1995). While a fair reading of this statute would allow any prevailing party an award of attorney fees, the statute is generally not construed in that fashion. Indeed, in Vernon v. City of Los Angeles, 27

---

[1] City Defendants filed a Motion for Attorney Fees Pursuant to Fed. R. Civ. P. 11 [Doc. 87], but subsequently withdrew the motion [Doc. 97].

F.3d 1385 (9th Cir.), *cert. denied*, 513 U.S. 1000 (1994), the court found that while a prevailing plaintiff should ordinarily recover attorney fees unless special circumstances render an award unjust, a prevailing defendant should not routinely be awarded attorney fees simply because he has succeeded. Rather, attorney fees are awarded to a prevailing defendant under this section only where the action is found to be unreasonable, frivolous, meritless, or vexatious. Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694 (1978).

Thus, attorney fees are awarded to a prevailing defendant only in those instances where the court determines that plaintiff's claims were unreasonable, frivolous or groundless. Had this Court determined that Plaintiff's claims were frivolous from the outset, ACORN's lawsuit would have been dismissed at the 12(b)(6) motion stage. It was not. While the Court's memorandum and order denying the motion to dismiss expressed some skepticism concerning ACORN's ability to garner facts in support of its claim, the Court allowed the claims to stand pending completion of discovery.

In the absence of the Court concluding ACORN's lawsuit was frivolous, Section 1988 offers no automatic award of attorney fees for a prevailing defendant. In accord with Vernon v. City of Los Angeles, Private Defendants' motion for award of attorney fees will be denied.

                                             */s/ Lorenzo F. Garcia*
                                             Lorenzo F. Garcia
                                             United States Magistrate Judge